| Case No. | **CV 19-4260-DMG (JPRx)** | Date | May 21, 2019 |
|---|---|---|---|

| Title | *Peter M. Seltzer v. Belmeko, LLC, et al.* | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:** **IN CHAMBERS - ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND IMPROPER VENUE**

On May 16, 2019, Plaintiff Peter M. Selzter filed a Complaint against Defendants Belmeko, LLC; Calvada Partners, LLC; ACC Enterprises, LLC; Innovative Real Estate Holdings, LLC; Good Deeds and More, LLC; Cow County Title Co.; Meghan Konecne; and John Lucchino. [Doc. # 1.] The Complaint invokes this Court's diversity jurisdiction under 28 U.S.C. section 1332(a), and alleges the following ten state-law causes of action: (1) fraudulent transfer (against all Defendants); (2) constructive fraud (against all Defendants); (3) fraud and deceit (against all Defendants); (4) negligence (against all Defendants); (5) unlawful, unfair, and fraudulent business practices (against all Defendants); (6) breach of fiduciary duty (against Calvada and ACC); (7) unjust enrichment (against all Defendants); (8) conspiracy (against all Defendants); (9) conversion (against all Defendants); and (10) declaratory relief (against all Defendants). *See id.* at 2, 12–27.[1]

Pursuant to 28 U.S.C. section 1332(a), a district court shall have jurisdiction over a civil action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. To establish diversity jurisdiction under 28 U.S.C. section 1332(a), there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). The burden of establishing federal subject matter jurisdiction falls on the party invoking it. *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). Similarly, once venue is challenged, a plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). A district court may raise a venue defect *sua sponte* and dismiss the action on that basis. *See Costlow v. Weeks*, 790 F.2d 1486, 1487–88 (9th Cir. 1986) (holding that a district court did not err in "raising the issue of defective venue on its

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

own motion," and affirming the district court's *sua sponte* dismissal of the complaint for improper venue).

Plaintiff claims that he is a resident of California; Defendant Konecne is a resident of Nevada; Defendant Belmeko, LLC is wholly owned and operated by Konecne; Defendant Lucchino is a resident of Colorado; and Defendant Cow County Title Co. is a Nevada corporation that has its principal place of business in Nevada. *See* Compl. at ¶¶ 3, 10–12 [Doc. # 1]. Although Plaintiff identifies the states of incorporation and principal places of business of Calvada Partners, LLC; ACC Enterprises, LLC; Innovative Real Estate Holdings, LLC; and Good Deeds and More, LLC, respectively, he does not allege the states of citizenship of each of these Defendants' owners/members. *See id.* at ¶¶ 5–6, 7–8. Further, it appears that Plaintiff and Defendants Calvada, and ACC are citizens of the same state. *See id.* at ¶ 18 ("[Plaintiff] is listed as a 46% owner of CALVADA, as well as equal owner in ACC, which owns 8% of CALVADA, thereby netting SELTZER with an ownership interest of 50% of CALVADA."); *id.* at ¶ 63 (suggesting that Seltzer owns "2305 LLC," and that this entity owns 50% Calvada Partners, LLC); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). Accordingly, Plaintiff has not satisfied the complete diversity requirement of 28 U.S.C. section 1332(a).

Additionally, the Court may lack jurisdiction over the Complaint by virtue of the local action doctrine. Under that doctrine, "a federal court lack[s] jurisdiction over a local action involving real property situated in a different state." *See Eldee-K Rental Props., LLC v. DIRECTV, Inc.*, 748 F.3d 943, 947 (9th Cir. 2014). The law of the forum state determines whether an action is local or transitory. *Prawoto v. Primelending*, 720 F. Supp. 2d 1149, 1154–55 (C.D. Cal. 2010). In California, the following types of actions are considered local:

(1)     For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of that right or interest, and for injuries to real property.

(2)     For the foreclosure of all liens and mortgages on real property.

Cal. Civ. Proc. Code § 392(a). California courts look to the main relief sought in a complaint when determining whether an action is local. *Massae v. Superior Court of Humboldt Cty.*, 118 Cal. App. 3d 527, 530 (1981).

Here, at least one of Plaintiff's claims seeks a declaration that Defendants had no right to sell or otherwise transfer certain real property located in Nevada. *See* Compl. at ¶¶ 29, 162 [Doc. # 1]. Therefore, the local action doctrine may deprive the Court of jurisdiction.

Furthermore, even if the Court has jurisdiction over Plaintiff's claims, the instant district appears to be the wrong venue. Although the Complaint alleges that venue is proper under 28 U.S.C. section 1391(b) on the ground that "a substantial part of the events or omissions giving rise to the claim occurred in this judicial district," the pleading suggests that most (if not all) of the misconduct in question occurred in Nevada. *See, e.g.*, Compl. at ¶¶ 2, 44 [Doc. # 1].

Plaintiff is hereby **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction and/or improper venue. Plaintiff shall file a response by no later than **May 28, 2019. Failure to timely file a satisfactory response by this deadline will result in the dismissal of this action. Plaintiff's brief, exclusive of supporting declarations, shall not exceed 10 pages.**

**IT IS SO ORDERED.**